IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,597-02, WR-74,597-03, WR-74,597-04, WR-74,597-05 & WR-74,597-08






EX PARTE BRYAN PRITCHARD, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NO. 010155, 010156, 10185 & 10186 


IN THE 259TH JUDICIAL DISTRICT COURT

FROM JONES COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty
to three charges of delivery of a controlled substance, and one charge of possession of a controlled
substance. He was sentenced to eighteen months' state jail imprisonment for each of the delivery
charges, and eighteen months' state jail, probated for the possession charge. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because 
counsel failed to timely file notices of appeal. We remanded these cases to the trial court to obtain
affidavits and findings addressing Applicant's allegations. Counsel has filed an affidavit in which
he states that he did file motions for new trial in these cases in order to delay Applicant's
incarceration, but did not file notices of appeal because he had not been retained to perform post-conviction work. The trial court did not enter specific findings of fact and conclusions of law
pursuant to this Court's remand order.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. Specifically, counsel should respond as to whether he advised Applicant of
his right to appeal, and as to whether Applicant indicated a desire to appeal in these cases. Counsel
should state whether he advised Applicant that he had the right to retained or appointed counsel to
pursue a direct appeal, and whether he ever withdrew from the representation in these cases. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact first as to whether Applicant's probation in cause
No. 010186-A has ever been revoked. Next, the trial court shall make specific findings as to whether
Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely
file notices of appeal. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 16, 2011

Do not publish